Case No. 19-1757, Ronrico Simmons Jr v. United States of America. Case not to exceed 15 minutes per side. Ms. Sober, you may proceed for the appellant. Thank you. May it please the court. Simmons's collateral relief motion is timely under 28 U.S.C. 2255-F2. The government's arguments to the contrary are all grounded in its view that the statute favors the government and disfavors Simmons. And in habeas cases, there often is a thumb on the scale in favor of the government. But critically, this isn't one of those cases. That's so for two reasons. First, because the filing deadline in 2255-F2 is a statutory tolling provision and not a grant of equitable relief, it's the government, not Simmons, who bears the burden of proving that the limitations period has run. And second, the heightened pleading requirement for causation that the government describes does not appear anywhere in the text of the statute, and it's not supported by the case law. Without that thumb on the scale in its favor, the government's argument falls apart. Because Simmons both pled and proved that his motion was timely, he's entitled to have the district court address the merits of his claims. Very well. Don't they carry their burden, like a burden of production, just by showing that it was filed out of time on its face? Your Honor, that would be true with respect to 2255-F1. However, F2 is a statutory tolling provision, and Simmons carries the burden of just making a threshold evidentiary showing with respect to that affirmative defense. And at that point, the burden shifts to the government to prove that the statutory tolling provision does not apply. It doesn't your client have the burden? I mean, if we were doing this as just a normal case, he would say, okay, it's one year, you didn't meet it. And then don't you have to show there's an impediment? I mean, they don't have to show there's not an impediment, right? And then you have to show that not only is it an impediment, but it was an impediment that prevented your client from filing, right? Not quite, Your Honor. What we would have to do is make a threshold evidentiary showing with respect to the impediment. And that's what Simmons did. He pled that the reason that he was unable to file within 2255-F1's period is because he didn't have access to the state, to the federal legal resources that he needed. And then he put in evidence to support that. He submitted two affidavits, one from himself, one from an inmate law clerk, both of which explaining that he didn't have access to the resources that he needed for the first nine to 13 months of his sentence. And during that time, he was unable to file his motion. So at that point, the burden shifted to government to prove that the limitations period had run. But doesn't he need to specify more specifically, I'm sorry for the redundancy, why the lack of access precluded him from moving forward with a petition? I mean, he can't just say, I didn't have the materials I need. As I understand the case law, he has to say, this blocked me in these more specific ways. Yes, Your Honor, we agree that there's a causation requirement, and he needed to tie the impediment to his inability to file. But that's what he does. I would point the court to his timeless motion, which is ECF 44 at page ID 216 to 217, where he says, quote, the government's failure to provide an adequate law library prevented me from exercising my ability to timely pursue and know the timeliness for filing a 2255 motion. So he very clearly links the two together and explains why it is that the inadequate law library prevented him from filing on time. That's all that's required. Go ahead, Judge Rogers. I mean, we're right at the crux of this case. And you can say something prevented you without you ever doing a thing. You can say, I sat at home, I was asleep, and I was prevented from going out because the doors were locked. But that's one way you could use the word prevent. You know, I just couldn't do it. But prevent also might mean kept me from doing it when I tried to do it. And that would require saying I went and tried the door and it was locked and I couldn't get out in the analogy. So isn't there some, it would seem, and I think this is the thrust of my colleagues are asking, is there some requirement that we see how this prevented him in actuality as opposed to what limit was out there? You can say, well, I couldn't have done it if I tried. And I've alleged that I couldn't have done it if I tried. I don't have to allege that I tried. That would permit someone after the fact, if we were to say that was the law in your case, people will say, well, we don't have to, all you have to do is say this library is insufficient. We don't have to show how that insufficiency kept me from doing it. And that it did in fact prevent me from doing it. That's the crux of my concern. I think I'm seeing that in my colleagues as well. Your Honor, two answers to that question. The first answer is that what because Simmons doesn't bear the burden of proof, the court can't draw adverse inferences against him. So I point the court to out of the scut, which is an equitable tolling case that the government sites. And in that case, the only thing that the prisoner alleged in order to be entitled to an evidentiary hearing was quote, due to my mental incapacitation, I did not understand the one year limitation placed on habeas petitioners. And this court analyzing just that allegation said, while that quote, while that's certainly not elaborate at his allegations are specific enough to assert a causal link. And that's exactly what Simmons said here, you know, he said that he wasn't able to file on time because he didn't have access to the ad put to the statute of limit. So I guess to try another analogy, you could say I was prevented from going into the theater without even going down to the theater. You'd say I was prevented from going to the theater because I didn't have a ticket that parses, but most of us would say I was prevented from going to the theater would mean that I went down showed my ticket. They said, that's not enough go away. That would be prevent that that would be prevention in a different sense, and probably the sense that was meant here. If so, where does that leave you? You are saying I guess I'm focusing on the fact that what you quote is just a statement that I couldn't have done it. Your Honor, what I would say is that it's reasonable to infer based on what Simmons said that he didn't have access to the materials that he needed. He says there were no federal materials in the state prison library. I don't know how he could have known that without looking for them. He was already there. I knew that then he just says they weren't there then. But he does say that the reason why he was unable to file while he was there is because they didn't have the materials he needed. What are you talking? Are you are you quoting from his affidavit? Yes. Yeah, I'm quoting from. So if you look at ECF number 44 at page ID 216 to 217, he says, quote, the government's failure to provide an adequate law library prevented him from exercising his fundamental right of access to the courts. Wait, that's not his effort. Is that that's not a sworn statement, right? That's these are his allegations. That was the allegations in the timeliness motion. If you want the affidavit quotation, what he says is R.E. 52. That's ECF 52 at page ID 324. He says, I merely had access to state law. However, as a result of me being convicted in federal court, state law was of no benefit to me. So he could say that if he had never even thought about it until he wrote that and it would be perfectly good English, right? You could say, I never had I'm hypothesizing, right? I never had a clue. I never had a desire. I never tried. I never did anything. Now, a year later, I kind of wish I did, but it wouldn't have made any difference because and then quote that quote, because I was prevented from doing it because they didn't have federal content in their library. It doesn't say anything about prevention in the in the more normal sense of the word. It's like I was preventing me. I was prevented because I never would have been able to do it anyway, which is perhaps one meaning of prevent, but it's not the most intuitive in this context. Your honor, that would be the case if it weren't for the fact that he alleged in his timeliness motion, that connection, he linked those two things together. And even in the equitable tolling context, where the petitioner bears the burden of proof, which he doesn't hear, this court has said that linkage is enough. So what the government is trying to do here is shift the burden of proof and impose a diligence requirement. If the law were as the government describes and add up what the person with mental with a mental inability would have needed to allege is I was trapped in the hospital and that's why I couldn't access the law library or I didn't understand because I had attempted to read the statute of limitations and it didn't make sense to me, but I looked, I promise I looked. None of that is there. This court has never required that before. All that Simmons is asking for is the ordinary causation requirement, which is just alleging a link saying this happened because of that. And that's what he does here. Asking for more, asking how it was that he came to discover that is a diligence requirement. And that diligence requirement just isn't in the statute. Thank you. I would also just point out to the court that this hasn't been there. There was some implication in the earlier questioning that this would create some huge problem where a lot of prisoners would make these claims. That hasn't been the case in the fifth, seventh or ninth circuit where this has been recognized since 2003. So I would just say that that's not the issue. There's been only two cases in the seventh circuit where petitioner was successful over the course of that 13 year period, only three in the fifth circuit and only one case in the ninth circuit. I'm clear. What is the, this that you're referring to here when you say, you know, this hasn't created a problem. Recognizing that inadequate legal resources can meet the statutory. Okay. Very good. Okay. Well you'll certainly have your rebuttal. And we'll hear from Ms. Gaidicke. Is that how we say it? Gaidicke, your honor. Okay. Pretty close. Patricia Gaidicke from representing the United States. It doesn't seem like there's much difference between us and the interpretation of the statute. Opposing counsel agrees that her client needs to make a threshold showing and that there's a causation requirement. We seem to be only disagreeing about what the words he used in his various pleadings and affidavit can be interpreted to mean. From the beginning, he said, I was denied access to a federal law library and the services of a trained legal clerk. And he coupled those consistently. Now his first pleading R44, as the court has observed, was not a sworn statement. He did say there that he had no access to a library. The government responded to that with an affidavit from someone at the Wayne County jail who said, while he was at the jail, he did have access to a library. It wasn't specific about what the resources were in the library. So that's when he came back with his affidavit. Can I ask you a threshold question on that? I mean, our cases talk about the allegations. This is not, I mean, there's no complaint really in a traditional kind of civil sense. Are we only looking at the sworn statements at this point? Or is this more like 12B6 where we're looking at his motion and looking at that as kind of a complaint as well? Or is it just like a summary judgment where we're just looking at his affidavit, your affidavits, and what would be a supposed admissible evidence? In habeas, you're typically looking at the sworn statements. But I don't think it makes any difference here. And I think that appears to be the way the district court treated it. Taking all his allegations as true, he hasn't made out a case for F-2. I mean, I guess in my mind, in terms of the causation, there certainly is more in the allegations than I think are than in his affidavits. That's correct. The affidavits, his affidavit, for example, only references the Wayne County Jail. And my understanding is he was incarcerated in more than one place. So we don't even know if the other place had the materials. The allegations do have this kind of maybe conclusory, but do talk about maybe get closer to a causation than the affidavit actually does. So it seems to make a little bit of a difference here, don't you think, whether we're confined to certain materials or not? If the government had provided affidavits or direct statements that contradicted what is in his affidavit, it would make a difference. I don't think that's the case here. It would make a difference in terms of whether or not the district court might be required to have an evidentiary hearing. And I think the way this case was handled and decided in the district court was basically to assume that all of the plaintiff's allegations were true and determine that he hadn't established a right to relief under up to even some. I'm sorry, does that answer your question? Yeah, no, yeah. So back to his allegations, once the government responded that there was a law library at the Wayne County Jail, and also that he wasn't at the Wayne County Jail for the entire time he claimed he was, and that he had been for about the last month in a federal detention center where there were computers that would have given him access to anything that he had described. But that record showed he had never tried to use those computers. He came back with this affidavit that said, well, there might have been a library at the Wayne County Jail, but it was only state and that didn't help me. And then Mr. Foreman, the law clerk who was helping him and wrote these pleadings, said those computers wouldn't have helped him. The fact that he could have gotten 2255 forms wouldn't have helped him. None of that would have helped him because it was only when he came to the Federal Correctional Center at Milan, where there was a federal law library and the help of a trained legal clerk, that he could possibly have even begun to think that he had a claim. Because I explained to him what 2255 is, and I explained to him that he needed to get his plea transcript and his court records, and we would look at that and we would see what kind of claim he could make. That makes it pretty clear that he had no thought ever of filing a collateral attack on his conviction prior to the time he met Mr. Foreman, which was after the statute, the one-year statute of limitations had run. And it's also pretty clear that these he had a right to have that assistance of an inmate law clerk, as well as particular library materials, in order to be able to make an effective 2255 claim. And that was what he was alleging was the constitutional violation. That's simply not correct. Are you saying that he, it was not, it would not be a constitutional violation if there was not a copy of 2255 in the county law library? It could have been, and that's what all the cases he relies on say, Estramera, the other cases. It seems like a pretty minimal requirement, and I'm not saying either way, but I, that you would at least have a copy. And aren't we, I don't, I didn't read any of your evidence to suggest that there was a copy of 2255 in any, or access to it on a computer in, in the Wayne County library. Is that right? I mean, you don't have a direct statement that says he did have access to, to 28 USC 2255 while he was incarcerated in the state system. That's correct. As far as I can tell, the record reflects nothing about what is actually in the Wayne County jail. So, so for purposes of this case, we're assuming that he did not, that, that the library did not have a copy of this thing. He's sitting in, he's sitting in his cell, and the question is whether it is an impediment. It was an impediment that caused him not to meet the one-year statute of limitations, right? That's correct. Okay. I mean, is the, can we phrase it as, I mean, but for the lack of the materials he would have filed within a year? I mean, I'm assuming you would say that there's nothing in the record that would suggest that's that would suggest that's true. In fact, the record shows the contrary because his own allegations are that he first gave consideration to filing a collateral attack on his conviction when he reached the federal correctional center at Milan and met Mr. Foreman. He says that affirmatively more than once. But the, but it is kind of a, it's kind of an odd argument because if you, if you have access to 2255, the statute of limitations is there on the face of it, right? You can, if I have a copy of it and I read it, I know I better file within a year. He doesn't, he does not have access to a copy of it, so he can't find it out. But I guess the question is, does he have a minimal, he has to have a minimal burden to say, at least I know enough to know that I have to look for something called collateral review, make a request to get it from the library or ask for, to borrow it from someplace else or whatever it is, I assume. I mean, some of these other cases. Or ask for a lawyer. Okay. Or ask for assistance or something like that. Is that what he, that would be the allegation he would have to make? Yes. I mean, it is very much like Judge Rogers hypothetical. If he had been in lockdown, which is the scenario in some of the cases, if he had not been allowed out of his cell, it would still matter whether he had ever had any notion that he wanted to access a library or petition the court to review his conviction. After all, he pleaded guilty and he waived his right to appeal. He had retained counsel in connection with that. The record doesn't show that he couldn't have contacted counsel. The record doesn't show that he didn't have access to computers. All he alleges is that it was a state law library and it didn't have federal materials. And he never says he went there. He says this, for all we know, in retrospect, Mr. Foreman also says that in his affidavit, and there's no indication what his basis of knowledge is. So, it is consistent with all of his own pleadings to assume that he made no effort and not only that to filing a collateral attack until he met this inmate law clerk who suggested it to him. As he says, he suggests to all new prisoners who come into the library at FCN, Milan. When in the sequence of being in state custody and then being in these transition months and then being in federal custody in Milan, when did the one year kick in or come down? The one year ended just short of a month prior to the time that he was in the Milan Federal Correctional Center. And for that time... So, he had a month in Milan. He had a month at the detention center where they had these computers. He didn't have a month. So, it was when he was the detention center that the one year came down. Yes, that's correct. So, to say that he was prevented, which is the operative word in the statute, it would have to be that he was kept from filing even during that period of one month when he was in the detention center. He also had some period of time at the beginning when he was in the Michigan Department of before he went to the Wayne County Jail. The exact dates are not in the record. That's before the month. It's approximately three months. So, at the beginning, there's no information about what kind of library he had access to. Then there's a nine months in Wayne County. And then there's another month where he definitely did have access, at least by computer, to a federal law library. I'm just trying to get at the idea of being prevented. If you have an impediment that absolutely prevents you from filing one of these petitions for 11 months, and then you're put in a situation where you could have, then you would say the statute doesn't kick in because he wasn't prevented. He could have done it during the last month. Is that correct? That's correct. And that's really what the government suggested in its district court response. And then the Mr. Foreman said, well, it doesn't matter that he had access to this computer system at the detention center because he didn't have me. And without a federal inmate who was learned in the law, that access didn't do any good. He didn't understand that he had a right to file a 2255. Thank you. Unless the court has questions, I'll yield the remainder of my time. Very well. Thank you for your arguments, Ms. Gaedeke. We'll hear rebuttal. Thank you, Your Honor. I'd like to start by responding to a question that Judge Nalbandian raised regarding whether you can look to the motion as well as the affidavits. The answer to that is indisputably yes. I'd point the court to 2255B, where the statute states unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, an evidentiary hearing has to be held. So if the court needs further evidence for that, I'd point the court to Shero v. Landrigan, where the Supreme Court held that evidentiary hearings are required as long as the petitioner alleges facts which, if true, would entitle the petitioner to relief and are not contradicted by the record. Finally, I'd point the court to Atta v. Scott, which is this court's equitable tolling case that I referenced earlier, where the court clearly analyzes both, quote, the facts alleged in the petition as well as, quote, what was stated in the affidavit. So I would say... Okay. No, that's very helpful. Thank you. With respect to the allegations, I mean, I just... This might be another way of asking Judge Rogers' question, but I wonder if this case is kind of analogous to the situation the court had in Iqbal or Twombly, in the sense that we might have a conclusory allegation that meets a certain legal requirement, but we might not have underlying facts supporting that allegation. Is that a fair analogy here? And if not, what are the underlying facts that would support the idea that he was prevented from pursuing this federal relief? Yes, Your Honor. Two answers to that. One, he says in his motion where he's alleging what happened, he alleges the causal link between the two and says, I could not file because there were no federal materials. And then his affidavit supports that by saying there were no federal materials. So I would say it's not a conclusory allegation. He alleges the fact that supports the thing that he's making, the causal link that he's making. Second, I point the court to Griffin v. Rogers, which is this court's case analyzing this specific statute of limitations, not 2255F2, but other provisions of 2255F. And in that case, the court said that the question of which party bears the burden of proof is so important in the statute of limitations context, because where there are disputed facts with respect to the statute of limitations, it's the party who bears the burden of proof that loses. So if the burden's on the petitioner, the court must presume that the motion's untimely. But if the burden's on the government, which it is with respect to affirmative defenses like this, the court must instead presume that motion's timely. So to the extent that the court thinks that there are disputed facts in the record regarding this, the court should rule that Simmons's motion was timely. The other thing that I wanted to respond to is with respect to what Judge Roger raised about the timeline here. Actually, the timeline is that he was remanded to state custody immediately upon sentencing. So right after he was sentenced, he was sent to state custody, to MDOC custody. And while at MDOC, he also says that he lacks the federal materials that he needs. And the site for that is RE44 page ID 216. He says, while he was in MDOC custody and then placed in Wayne County Jail, during this entire 13-month period, Ron Rico Simmons Jr. had no access to a federal law library. He lists out everything. So he says it both with respect to MDOC custody and with respect to Wayne County Jail. I would also say that he was- Did counsel correctly identify when the one year came down? Yes. So the one year starts from the moment the impediment is removed. That's the way that- Well, I'm talking about apart from the impediment, he has one year, right? Right. The one year ended, he was not in state custody at the point that the one year ended, was he? No. If you were counting the one year in F1, no, he was not in state custody at that time. That is my question. Yes. Thank you. The way that the statute is phrased, though, the one year period runs from, quote, the latest of, and then it- No, I understand. I'm just trying to figure out when you say prevented, it's prevented within the period, right? You're prevented if you can't do it during the period that would make it timely, I guess. Well, it says that the one year period runs from the latest of, and then it says the date on which the impediment is removed. So the date on which the impediment is removed, we would say- And it says impediment is removed if prevented from making the motion by the government action, right? Right. And he was prevented the entire time he was in state custody. So that entire- But my question is, was the one year all during state custody, your opponent said no, there was a month or so when he was in federal custody, it was part of that year as well. Is that true? The year in F1, not the year in F2. So yes, that is true with respect to the year in F1, which is the year following his being put in state custody. All right. Well, any further questions? Great. Well, thank you both for your arguments. Ms. Sagar, am I pronouncing your last name correctly? Sagar, rhymes with lager. I'm 0 for 2, I apologize. Ms. Sagar, I see that you've been appointed pursuant to the Criminal Justice Act, and you have done an exemplary job in your briefing and argument here today, and we thank you. Very much for your work on this case. The case will be submitted and the clerk may call the next case.